FILED ENTERED
LODGED RECEIVED

JUL - 6 2010

AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY_____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MONICA JEFFRIES | * |
| Plaintiff | * |
| v. | Civil No. **PJM-09-1876** |
| GAYLORD NATIONAL RESORT AND CONVENTION CENTER, et al. | * |
| Defendants | * |

## MEMORANDUM OPINION

Monica Jeffries, proceeding *pro se*, has sued Gaylord National Resort and Convention Center ("Gaylord") and Marjorie George[1] pursuant to 42 U.S.C. § 12117(a), alleging that Defendants refused to reasonably accommodate her disability, and thereby engaged in employment discrimination in violation of the Americans with Disabilities Act ("ADA"). 42 U.S.C. § 12112(b)(5)(A).

Defendants have filed a Motion to Dismiss [Paper No. 11], asserting that Jeffries has failed to state a claim upon which relief may be granted as a result of her failure to comply with the statutory requirement that she exhaust her administrative remedies before filing suit in federal district court. For the reasons set forth below, Defendants' Motion to Dismiss is **GRANTED**.

Plaintiff, without any accompanying motion, has provided the Court with three supplemental submissions regarding her case [Paper Nos. 15, 18 and 19]. In response,

---

[1] Plaintiff has stipulated in her Opposition to Defendants' Motion to Dismiss that Defendant Marjorie George was not properly named in this suit. Accordingly, George is **DISMISSED WITH PREJUDICE**, pursuant to Fed. R. Civ. P. 41(a)(2).

1

Defendants filed a Motion to File a Sur-Reply to Plaintiff's Supplemental [Paper No. 16] and a Motion to Strike Plaintiff's Third Supplemental [Paper No. 20]. As further explained below, Defendants' Motion to File a Sur-Reply is **GRANTED** and Defendants' Motion to Strike Plaintiff's Third Supplemental is **GRANTED IN PART** and **DENIED IN PART.**

**I.**

In March 2008, Defendant Gaylord hired Plaintiff Monica Jeffries as a "Turn-Down Assistant," a position which involves housekeeping duties. From March 2008 until April 2008, Jeffries worked the evening or overnight shift and parked in employee designated handicapped-accessible parking. Jeffries previously possessed a handicapped-parking placard for approximately eight years as a result of a previous condition.[2]

In April 2008, Jeffries was diagnosed with breast cancer. She had to undergo a mastectomy and eight cycles of chemotherapy before returning to work in October 2008. Upon her return, she discovered that there was no longer employee designated handicapped-accessible parking.

Jeffries states that she was concerned that a long walk from the employee parking lot could stress her heart, which was already weakened by the chemotherapy. She says that she contacted various Supervising Housekeepers, Public Space Managers, the Human Resources Department, and the Director of Security and Safety Services seeking a closer parking space. While Defendants' electronic records show that Jeffries was issued a parking pass allowing her to park closer to the Convention Center on February 13, 2009, she contends that she never received it.

---

[2] Jeffries has not identified the nature of this previous condition in her papers.

On March 5, 2009 the Convention Center was especially busy, which forced Jeffries to park particularly far away. Jeffries arrived at work light-headed, nauseous, sweating and breathing heavily. Thirty minutes later, she required emergency medical services and was taken to Southern Maryland Hospital. She remained there for five days and was diagnosed with a mild heart attack. Jeffries argues that the heart attack was caused by Gaylord's failure to provide employee designated handicapped-accessible parking and that such failure constitutes a violation of the ADA.

## II.

A civil action under the Americans with Disabilities act "follows the 'powers, remedies and procedures' set forth in Title VII of the Civil Rights Act," codified in 42 U.S.C. § 2000e-5. *Spencer v. Ashcroft*, 147 F. App'x. 373, 375 (4th Cir. 2005) (*per curiam*). As such, a plaintiff must exhaust both state and federal administrative procedure and remedies before bringing suit in federal district court under the ADA. *See E.E.O.C. v. Hansa Products, Inc.*, 844 F.2d 191, 191-92 (4th Cir. 1988).

In a deferral state, such as Maryland, a plaintiff is first required to proceed "under state law with the appropriate state agency" before filing an ADA charge with the EEOC. *Davis v. N.C. Dept. of Corr.*, 48 F.3d, 134, 137 (4th Cir. 1995). A plaintiff may only file a charge with the EEOC after sixty days have passed since the filing of a charge with the state deferral agency, or if the state proceeding is terminated. *See Citicorp Pers. to Pers. Fin. Corp. v. Brazell*, 658 F.2d 232, 233-34 (4th Cir. 1981).

After a charge is filed with the EEOC, a plaintiff may file suit in federal district court "only after receipt of a right-to-sue letter." *Puryear v. County of Roanoke*, 214 F.3d 514, 518 (4th Cir. 2000). If a plaintiff fails to allege or show that he or she has received a

3

right to sue letter, then the federal district court lacks jurisdiction over the case. *See Davis*, 48 F.3d, at 140 (citing *United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

### III.

Defendants move for dismissal for failure to state a claim upon which relief can be granted because Jeffries has failed to exhaust her administrative remedies. Jeffries has filed a charge with the appropriate state deferral agency, the Prince George's County Human Relations Commission ("PGCHRC"). However, as explained above, before filing suit in federal district court, Jeffries must exhaust both state and federal administrative remedies. *See Hansa Products, Inc.*, 844 F.2d at 191-92. Therefore, she must allow the PGCHRC to conclude its investigation, permit the EEOC to conduct its own investigation and receive a right to sue letter from the EEOC. *See Citicorp Pers. to Pers. Fin. Corp.*, 658 F.2d at 233-34.

Jeffries claims in her third supplemental submission [Paper No. 19] that she is expecting the PGCHRC to issue her a right to sue letter in the near future. However, Jeffries also offers a communication from the PGCHRC that suggests the state agency wishes to begin conciliation efforts between the parties. Irrespective of the procedural posture of its investigation, Jeffries has not provided the Court with a right to sue letter from the PGCHRC. Assuming *arguendo* that she was able to produce such a document, a right to sue letter from the PGCHRC would not satisfy the jurisdictional requirement for filing a ADA claim in federal district court, as she still has not obtained a right to sue letter from the EEOC. *See Puryear*, 214 F.3d at 518.

4

Because she has not received a right to sue letter from either the PGCHRC or the EEOC, Jeffries has failed to exhaust both her state and federal administrative remedies, as required by 42 U.S.C. § 2000e-5. *See Davis*, 48 F.3d at 136-41 (administrative remedies not exhausted when Plaintiff filed with state agency, recommended conciliatory efforts failed, but EEOC had not issued right to sue letter). Therefore, this Court lacks jurisdiction to hear the case. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 799 (1973) (jurisdictional prerequisites to federal action are filing timely charge with and receiving the right to sue letter from the EEOC). Accordingly, Defendants' Motion to Dismiss [Paper No. 11] is **GRANTED**.

### IV.

Defendants have filed a Motion for Leave to File a Sur-Reply to Plaintiff's First Supplemental Submission.

Local Rule 105.2(a) provides that "[u]nless otherwise ordered by the Court, sur-reply memoranda are not permitted to be filed." The Court may permit surreplies "when the moving party would be unable to contest matters presented to the court for the first time in the opposing party's reply." *Khoury v. Meserve*, 268 F. Supp. 2d 600, 605 (D. Md. 2003).

Jeffries raised additional substantive information in her first supplemental submission, including correspondence from the PGCHRC, the EEOC and the Department of Justice [Paper No. 15]. As this information was first presented in Jeffries' supplemental submission to the Court, Defendants had no opportunity to respond to it. Accordingly, Defendants' Motion for Leave to File a Sur-Reply to Plaintiff's First Supplemental Submission [Paper No. 16] is **GRANTED**.

5

Defendants have also filed a Motion to Strike Plaintiff's Third Supplemental. Fed. R. Civ. P. 15(d) allows supplemental pleadings that detail "any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Defendants' Motion to Strike Plaintiff's Third Supplemental is **GRANTED** in part and **DENIED** in part. The Motion is denied as to information that simply recounts events that have occurred since the filing of the Complaint. That is, the Court will consider Gaylord's letter to Jeffries informing her of her termination. However, the Motion to Strike is granted as to Jeffries' new allegations of wrongful termination, sexual harassment, negligence, slander, and violations of the Health Insurance Portability and Accountability Act. These claims were not included in the Complaint in this matter and are not properly before the Court at this time.

A separate order will **ISSUE**.

July 1, 2010

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE